# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ENGINEERED PRODUCTS
& SERVICES, INC.**
    **Plaintiff,**

  v.                Case No. 09C0460

**ECHO ENGINEERING
& PRODUCTION SUPPLIES, INC.,**
    **Defendant.**

---

## DECISION AND ORDER

On May 5, 2009, plaintiff Engineered Products & Services, Inc. filed this patent infringement action, alleging that defendant Echo Engineering & Production Supplies, Inc. was manufacturing and selling a device that infringed on a patent that it held, U.S. Patent 6,656,558 ("the '558 patent"). On May 8, 2009, defendant filed a declaratory judgment action in the Southern District of Indiana, seeking a declaration that the device in question does not infringe the '558 patent and that the '558 patent is invalid. The parties to both actions as well as the issues presented are the same. Before me now are plaintiff's motion to enjoin defendant from proceeding with the Indiana action and defendant's motion under Fed. R. Civ. P. 12(b)(3) to dismiss this action for improper venue and alternatively under 28 U.S.C. § 1404(a) to transfer the case to the Southern District of Indiana.

The relevant facts are as follows: plaintiff is a Wisconsin corporation headquartered in Franksville, Wisconsin. Defendant is an Indiana corporation headquartered in Indianapolis. The '558 patent covers a high temperature resistant masking device. Defendant manufactures and offers for sale the alleged infringing product in Indiana.

Defendant has sold the device to consumers in a number of states and in Germany. Defendant has a sales agent who sometimes visits Wisconsin, and it also sells via a catalogue and the internet. Until recently, defendant had an office in Franklin, Wisconsin. Defendant has sold two of the alleged infringing devices to consumers in the Eastern District of Wisconsin, and it has shipped the devices to them. The total value of the two sales was $70.

I must first determine the source of the governing law. Because of the importance of national uniformity, the law of the Federal Circuit rather than the regional circuits governs most issues in patent cases. Lab. Corp. of Am. Holdings v. Chiron Corp., 384 F.3d 1326, 1328 (Fed. Cir. 2004). Thus, Federal Circuit law governs applications for injunctions when infringement and declaratory judgment actions involving the same patent and the same parties ("mirror actions") are brought in different district courts. Id. at 1331. Federal Circuit law also governs issues of personal jurisdiction because they are "intimately involved with the substance of the patent laws." Wayne Pigment Corp. v. Halox, 220 F. Supp.2d 931, 933 (E.D. Wis. 2002) (citing Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359 (Fed. Cir. 2001) (quoting Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995)).

Turning to the venue issue, under 28 U.S.C. § 1400(b), a plaintiff may bring a patent infringement action "in the judicial district where the defendant resides." And under 28 U.S.C. § 1391(c), a corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."[1] A patent

---

[1] Because Wisconsin has more than one judicial district, for purposes of personal jurisdiction, I treat the Eastern District of Wisconsin as if it were a separate state. 28 U.S.C. § 1391(c).

2

infringement defendant is subject to personal jurisdiction in this district if it would be subject to the jurisdiction of the Wisconsin courts. Fed. R. Civ. P. 4(K)(1)(A); PKWare, Inc. v. Meade, 79 F. Supp. 2d 1007, 1012 (E.D. Wis. 2000). Thus, I may exercise personal jurisdiction over a defendant if Wisconsin's long-arm statute permits it and if doing so would not violate federal due process. Trintec Indus., Inc. v. Pedre Promotional Prod., Inc., 395 F.3d 1275, 1279 (Fed. Cir. 2005).

Wisconsin's long arm statute, Wis. Stat. § 801.05, allows Wisconsin courts to exercise two types of jurisdiction, specific and general. Shepherd Inv. Int'l v. Verizon Communications, 373 F. Supp. 2d 853, 860 (E.D. Wis. 2005). The present case involves a question of specific jurisdiction. A Wisconsin court may exercise specific jurisdiction when the litigation arises out of or is related to the defendant's contacts with Wisconsin. Id. Section 801.05(4) authorizes jurisdiction over out-of-state defendants:

> in any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant provided in addition that at the time of the injury, either:
> . . .
>
> (b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

In applying this statute, I defer to the Wisconsin courts' interpretation of it. Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998). Wisconsin courts construe § 801.05 liberally and require plaintiffs to make only a prima facie showing of jurisdiction. Kopke v. A. Hartrodt S.R.L., 245 Wis. 2d 396, 409 (2001).

Plaintiff establishes the elements of personal jurisdiction required by Wis. Stat. § 801.05(4)(b). The situs of infringement of a patent is defined by federal patent law, and

3

under such law, a patent holder is injured by infringement when and where an infringing product is sold. N. Am. Philips Corp. v. Am. Vending Sales, 35 F.3d 1576, 1579 (Fed. Cir. 1994). Thus, the alleged injury occurred in this judicial district because defendant allegedly sold two infringing devices here. Plaintiff also alleges that the injury arose out of acts committed outside the state; namely defendant's manufacturing, offering for sale and shipping of the devices from Indiana. Finally, plaintiff alleges that the devices were "used or consumed" in this district "in the ordinary course of trade."

To determine whether exercising jurisdiction over defendant would comport with due process, I apply the Federal Circuit's three-part test: whether the defendant purposefully directed its activities at residents of the forum, whether plaintiff's claim arises out of or relates to such activities, and whether the assertion of personal jurisdiction is reasonable and fair. Breckenridge Pharm, Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1360-61 (Fed. Cir. 2006). Plaintiff must establish the first two elements and defendant the third. Id. Defendant must present a "compelling case" that the exercise of jurisdiction over it would be unreasonable under the five-factor test articulated by the Supreme Court in Burger King Corp v. Rudzewicz, 471 U.S. 462, 476-77 (1985). The Burger King factors are (1) the burden on defendant, (2) the forum state's interests, (3) plaintiff's interest in obtaining relief, (4) the judicial system's interest in efficiently resolving the dispute, and (5) the shared interests of the several states in furthering fundamental substantive social policies. Id.

To exercise jurisdiction over defendant is not inconsistent with due process. By marketing and selling its products to consumers in Wisconsin, defendant purposefully directed its activities at residents of this forum. Plaintiff's patent infringement claim arises directly out of such activities. Nor does defendant present a compelling case that the

4

exercise of jurisdiction over it by a Wisconsin court would be unreasonable. The burden on defendant of defending plaintiff's infringement claim in this forum, which is a relatively short distance from Indianapolis, is minimal. Both Wisconsin and plaintiff have an interest in resolving the case, and this court is fully capable of addressing the case promptly. Thus, for the foregoing reasons, venue is proper in this district, and defendant's Rule 12(b)(3) motion to dismiss will be denied.

Turning to defendant's alternative motion to transfer under § 1404(a) and plaintiff's motion to enjoin defendant's suit in the Southern District of Indiana, I must first review the Federal Circuit's first-to-file doctrine. Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 937 (Fed. Cir.1993) (whether first filed suit should yield to later filed suit raises issue of national uniformity obligating Federal Circuit to prevent splits in the regional circuits), abrogated on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277 (1995). When two actions involving nearly identical parties and issues are filed in two different courts, the first-to-file rule provides that the first filed suit should proceed. Id. However, courts "should not reach a decision based on any categorical rule", but rather "must consider the real underlying dispute: the convenience and suitability of competing forums." Micron Tech. Inc. v. Mosaid Technologies, Inc., 518 F.3d 897, 904 (Fed. Cir. 2008). Thus, courts in patent cases presented with both a motion under the first-to-file rule and a motion to transfer under § 1404(a) should take "account of the convenience factors under 28 U.S.C. § 1404(a)." Id. Finally, the Federal Circuit counsels that because the § 1404(a) analysis is entirely procedural, courts should perform it under regional circuit law. See Regents of the Univ. of Cal. v. Eli Lilly & Co., 119 F.3d 1559, 1565 (Fed. Cir. 1997); see also In re TS Tech USA Corp., 551 F.3d 1315, 1319 (Fed. Cir. 2008).

`Section 1404(a) authorizes district courts to transfer venue "for the convenience of parties and witnesses, in the interest of justice . . . ." Kubin-Nicholson Corp. v. Gillon, 525 F. Supp.2d 1071, 1075 (E.D. Wis. 2007). The movant must establish that the proposed transferee forum is clearly more appropriate than the original. Id. The convenience factors include plaintiff's choice of forum, the convenience of the parties and witnesses relative to their residences, the situs of operative events, and the location of relevant records. Id. The interest of justice factors include judicial economy, speed and the availability of compulsory process over possibly unwilling witnesses. Id.

Defendant fails to show that the Southern District of Indiana is clearly more appropriate than the present forum. Plaintiff resides in this district, the injury occurred here, plaintiff chose this district as the forum and non-party consumer witnesses reside here whereas none reside in Indiana. Although the situs of operative events factor arguably weighs in favor of Indiana, where defendant manufactures, markets, and offers for sale the accused device, the rest of the factors seem neutral. Records and witnesses appear to be located in both fora, although neither party identifies a particular witness or explains why he or she would find it inconvenient to litigate in the other district. Thus, I conclude that the action should remain in this district.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to transfer venue is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to enjoin is **GRANTED**. Defendant shall be and hereby is enjoined from proceeding with case number 09-CV-00582 in the Southern District of Indiana.

Dated at Milwaukee, Wisconsin this 20 day of October, 2009.

/s_____
LYNN ADELMAN
District Judge

7

Case 2:09-cv-00460-LA   Filed 10/20/09   Page 7 of 7   Document 23